IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TIMOTHY SCOTT KERNS,       * | |
|     Plaintiff, | |
|                             * | |
| v.       | CIVIL ACTION NO. AW-07-1751 |
|                             * | |
| WARDEN, | |
|     Defendant.       * | |
|                         ****** | |

**<u>MEMORANDUM</u>**

      The above-captioned letter complaint was filed with this Court on July 2, 2007. Plaintiff, a state inmate, alleges that his ear has been damaged by medical personnel. He seeks this Court's assistance in obtaining copies of his medical records. Paper No. 1

      To the extent Petitioner seeks to compel a certain action by the state and/or its agents, the Court concludes that the present matter is in the nature of a writ of mandamus. *See* 28 U.S.C. § 1361. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over state employees and cannot compel the Maryland Division of Corrections or its agents to provide Plaintiff copies of his medical records. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969). Therefore, the request for mandamus relief shall be denied.

      To the extent Plaintiff believes his constitutional rights have been violated due to his receiving inadequate medical care, the means for litigating such an issue is through the filing of a law suit pursuant to 42 U.S.C. §1983. The Court has construed Plaintiff's letter as stating such a

claim.[1]

Before further proceedings in this matter are conducted, the Court deems it appropriate to direct Plaintiff to supplement his Complaint concerning the factual allegations contained therein. Specifically, Plaintiff's Supplemental Complaint should state: (1) the name(s) of the individual(s) against whom he seeks to bring this action; (2) specifically how the conduct and/or actions of this individual(s) violated his constitutional rights with regard to the matters alleged in his Complaint; and (3) what relief he seeks. The Clerk shall be directed to mail Plaintiff a form for use in filing a § 1983 action to assist him in filing his Supplemental Complaint.

Pro se complaints are held to a less stringent standard than those drafted by attorneys, and a complainant who submits an inartfully pled action which contains a potentially cognizable claim should be given the opportunity to particularize his complaint in order to define his issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965). Where, as here, Plaintiff may have stated a colorable federal claim but has failed to provide the information listed above, he shall be granted twenty (20) days to particularize his claim in order to furnish those details. Plaintiff is cautioned that his failure to file a Supplemental Complaint in compliance with the directives contained herein will result in the dismissal of his Complaint without further notice from this Court. A separate order shall be entered reflecting the opinion set forth herein.

July 27, 2007                    _____/s/_____
  Date                                    Alexander Williams, Jr.
                                   United States District Judge

---

[1] Plaintiff need not attach copies of medical records to his Complaint; rather, he need merely recite the facts supporting his claim.